FRANK CAVALLARO *v.* TOWN OF DURHAM ET AL.
(11160)

HEALEY, PARSKEY, SHEA, GRILLO and BIELUCH, Js.

Argued June 3—decision released July 26, 1983

*Richard P. Weinstein,* with whom, on the brief, was *Karen A. Birck,* for the appellant (plaintiff).

*Thomas P. Byrne,* for the appellees (defendants).

PER CURIAM. On March 19, 1980, the planning and zoning commission of the town of Durham, after a public hearing, approved a change in zoning districts along a portion of route 17. The plaintiff is the owner of property on route 17 whose zone was changed from light industrial to farm residential. The plaintiff failed to file a timely appeal from the action of the commission pursuant to General Statutes § 8-8. Instead, on November 28, 1980, the plaintiff brought an action against the commission and its members seeking a judgment declaring the action of the commission null and void and an injunction restraining the commission from interfering with his right to use, develop or transfer his property as light industrial land. From the judgment rendered for the defendants, the plaintiff has appealed.

In his appeal the plaintiff asserts that notice of the public hearing and the hearing itself were inadequate. He concedes that the commission published a sufficient notice of the March 19 hearing but claims that an earlier notice of a hearing on March 18 on the same subject matter was misleading. He does not challenge the conduct of the March 19 hearing. His grievance, rather, is that the minutes of this hearing, which he did not attend, reflect too little public input.

While it is true that failure to give proper notice constitutes a jurisdictional defect to action by the commission; *Brazo* v. *Real Estate Commission,* 177 Conn. 515,

518, 418 A.2d 883 (1979); if a proper notice is published according to law, the commission is not precluded from holding a hearing and taking appropriate action merely because another notice may have been defective.

The plaintiff's challenge to the adequacy of the hearing does not raise a jurisdictional issue. General Statutes § 8-3 mandates a public hearing. Failure of the administrative agency to conduct such hearing would constitute a jurisdictional defect. The manner in which the hearing is conducted, however, involves the exercise of jurisdiction. Such questions may be addressed only by appeal. An independent action may not be used to test the very issue which an appeal is designed to test. *Carpenter* v. *Planning & Zoning Commission,* 176 Conn. 581, 598, 409 A.2d 1029 (1979). The only exception to this rule is where the administrative action is void. Id. An erroneous exercise of jurisdiction may be irregular but it is not void. *Misinonile* v. *Misinonile,* 190 Conn. 132, 136, 459 A.2d 518 (1983).

There is no error.