[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a revocation of a building permit by the Hartford Zoning Board of Appeals (hereinafter the "Board"). The Hartford Director of Licenses and Inspections granted the plaintiffs' building permit. Pursuant to Gen. Stat. sec. 8-7 the defendants, as abutters, appealed the director's decision to the Hartford Zoning Board of Appeals. The Board of Appeals revoked the plaintiffs' permit. Pursuant to Gen. Stat. sec. 8-8, the plaintiffs have taken an appeal to this court.
In November, 1988, the plaintiffs, Frank Baumert, Neil Baumert, William Alan Baumert, Linda Baumert Miller and Bettyann Baumert Miller (hereinafter collectively referred to as the "Baumerts") entered into a purchase agreement to sell a piece of land known as 920-922 Maple Avenue, in the city of Hartford, to the CT Page 1921 plaintiff, J. Martin Hennessey (hereinafter "Hennessey"). Hennessey contracted with the plaintiff, Orlando Annuli Sons, Inc. to construct a ninety-seven unit apartment building on said location. On June 21, 1989, Orlando Annuli Sons applied to the city of Hartford for a building permit to begin construction of the apartment building.
On June 26, 1989, the Court of Common Council of the city of Hartford adopted an ordinance, Municipal Code sec. 35-12.7, which placed a moratorium on the issuance of building permits in the city of Hartford. The ordinance prohibited the granting of building permits for a period of 120 days after its effective date. Municipal Code sec. 35-12.7. The ordinance provided two exceptions. The first being undue hardship. The second, and the one that is the subject of this appeal, states:
 This ordinance shall not apply to the issuance of a zoning permit by the zoning administrator in any situation where a complete building permit application has been filed with the building official as required under the state basic building code prior to the adoption of this ordinance. (emphasis added)
Municipal Code sec. 35-12.7. The ordinance was adopted on June 26, 1989, and went into effect of August 15, 1989.
After June 26, 1989, the date the moratorium was adopted, the City of Hartford required the plaintiffs to submitted additional plans concerning their application of June 21, 1989. Transcript pp. 23-25. On August 23, 1989, a partial building permit was issued to the plaintiffs. The defendants, Thomas and Genevieve Leniart, pursuant to Gen. Stat. sec. 8-7, appealed the decision granting the permit to the Board. The Leniarts claimed that the plaintiffs' application was not complete on June 26, 1989, and therefore a permit could not be issued.
On October 3, 1989, the Board held a hearing on the issue after which they revoked the plaintiffs' building permit. The plaintiffs, pursuant to Gen. Stat. sec. 8-8, have taken this appeal to the Superior Court. The plaintiffs make three arguments in support of their appeal. The first is that the Board failed to give the plaintiffs due notice of the hearing. The second is that the Board, acting in a quasi-judicial manner, failed to conduct a fair hearing. The third is that the Board acted in total disregard of the state building code. Before addressing each of the plaintiffs' contentions, aggrievement must be found.
I. Aggrievement CT Page 1922
"It is well settled that the question of aggrievement is a jurisdictional one and that claims of aggrievement present an issue of fact for the determination of the trial court with the burden of proving aggrievement resting upon the plaintiffs who have alleged it. Pleading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of the appeal." Bakelaar v. West Haven, 193 Conn. 59, 65, 475 A.2d 283 (1984).
J. Martin Hennessey, through his counsel, represented to the Board, that he entered into a purchase agreement with the Baumerts to buy the land in question, the Baumerts being the seller and Hennessey the buyer. Transcript p. 63. Owners of the land effected by a decision of the Zoning Board are aggrieved by the actions of the Board. Bossert Corporation v. Norwalk, 157 Conn. 279, 285,253 A.2d 39 (1968). Therefore, the court finds the Baumerts to be owners of the land in question; the Baumerts are aggrieved and entitled to take this appeal pursuant to Gen. Stat. sec. 8-8.
With regard to Hennessey, the question is whether a person who has a contract to purchase a parcel of land is aggrieved, as an owner, by an adverse decision of the Zoning Board with regard to that parcel of land. The court in Goldfeld v. Planning Zoning Commission, 3 Conn. App. 172, 486 A.2d 646 (1985) held that a plaintiff, with an option to purchase land, was aggrieved by an adverse decision by the zoning board with regard to that parcel of land. Id. p. 176. As previously mentioned, Hennessey had a contract to purchase the lane in question and as such, is aggrieved by the decision of the Board.
Annuli Sons, Inc. are the contractors on the job and are not owners of the property in question; therefore the analysis of Goldfeld, supra, with regard to aggrievement does not apply. The court applies the following test:
 "The fundamental test by which the status of aggrievement . . . is determined encompasses a well settled twofold determination. First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision."
Winchester Woods Associates v. Planning Zoning Commission,219 Conn. 303, 307, 592 A.2d 953 (1991). Annuli Sons, Inc. has CT Page 1923 presented no evidence, either to this court or that can be found in the record, from which the court can find aggrievement. Since Annuli has not presented any evidence as to aggrievement, they are not aggrieved.[1]
II. Scope of Review
"In reviewing the action of a zoning board of appeals we note that such a board is endowed with a liberal discretion, and its actions are subject to review by the courts only to determine whether they were unreasonable, arbitrary or illegal. The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision. In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant." Pleasant View Farms Development, Inc. v. Zoning Board of Appeals, 218 Conn. 265,269-70, 588 A.2d 1372 (1991).
III. Notice
The plaintiffs claim that they did not receive due notice of the hearing of the Board and that the lack of notice constituted a jurisdictional defect, and therefore, any action taken by the Board was null and void. The defendants claim that proper notice was given pursuant to Gen. Stat. sec. 8-7 and Hartford Municipal Zoning Code 35-13.13 and that the plaintiffs had actual notice of the hearing of October 3, 1989.
General Statute sec. 8-7 sets forth the general notice requirements as follows:
 Such board shall, within the period of time permitted under section 8-7d, hear such appeal and give due notice thereof to the parties. Notice of the time and place of such hearing shall be published in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days. . . In addition to such notice, such board may, by regulation, provide for notice by mail to persons who are owners of land which is adjacent to the land which is the subject of the hearing. (emphasis added)
Gen. Stat. sec. 8-7. "In addition to the requirements of sec. 8-7, the zoning ordinances of Hartford provide that "notice shall also be sent by the board by postcard to the owners of record of all property within one hundred and fifty (150) feet of the property affected by the application." Hartford Zoning Code sec. 35-13.13. CT Page 1924
The plaintiffs claim that they should have received postcard notice or the like and since they did not, the board was without jurisdiction to act. In fact, Hennessey and his attorney were present at the hearing and presented evidence in support of all the plaintiffs' positions. Transcript pp. 62-79. The defendants claim that the plaintiffs received proper notice through publication or had actual notice of the hearing.
Koepke v. Zoning Board of Appeals, 25 Conn. App. 611 (1991), discusses the notice requirements of sec. 8-7 and states:
 Compliance with statutorily prescribed notice requirements is a prerequisite to a valid action by a land use commission and failure to give proper notice constitutes a jurisdictional defect. Adequate prehearing notice is necessary to inform affected and properly interest parties of their opportunity to be heard and to be apprised of the relief sought. Constructive, rather than actual, notice is required so that as much of the populace as possible is constructively notified of the proposed action. It is adequate if it fairly and sufficiently apprises those who may be affected of the nature and character of the action proposed, so as to make possible intelligent preparation for participation in the hearing.
Id. pp. 616-17. Defendants have complied with the statutory and regulatory requirements for notice under Gen. Stat. sec. 8-7
and Zoning code sec. 35-13.13. Notice of the hearing was published, as required by secs. 8-7 and 35-13.13, in the Hartford Courant and the owners of property within one hundred and fifty feet of the subject property were given notice through the mail. Nowhere is it stated that the owners of the subject property must receive notification by mail.
"While it is true that failure to give proper notice constitutes a jurisdictional defect to action by the commission; if proper notice is published according to law, the commission is not precluded from holding a hearing and taking appropriate action merely because another notice may have been defective." Cavallaro v. Durham, 190 Conn. 746, 748, 462 A.2d 1042 (1983). No personal notice was required to be given to the plaintiffs, and the Board properly published notice of the hearing in the Hartford Courant. The plaintiffs' claim of lack of proper notice is without merit.
IV. Undue Influence CT Page 1925
The plaintiffs make two claims that the Board acted improperly when functioning in its quasi-judicial capacity. The first is that one of the Board members attended a community meeting at which the question of the appeal was discussed. The second, that the Board deprived the plaintiffs of a fair hearing when one of the Board members took a hand count at the hearing to determine who was in favor and who was opposed to the issuance of the plaintiffs' permit.
The plaintiffs claim that the Board was acting in a quasi-judicial capacity when it was deciding whether to revoke the plaintiffs' permit. "[When a] board [is] determining the reasonableness of the decision of the zoning enforcement officer, it [is] acting administratively in a quasi-judicial capacity in applying the regulations." Lawrence v. Zoning Board of Appeals,158 Conn. 509, 512-13, 264 A.2d 552 (1969). Upon the reasoning of the court in Lawrence the Board was acting in a quasi-judicial capacity when hearing the defendants' appeal of granting the plaintiffs' building permit.
The plaintiffs first claim that one of the members of the Board attended a community meeting at which the appeal was discussed and as such he was biased and/or predisposed against the plaintiffs.
 Neutrality and impartiality of a member are essential to the fair and proper operation of a planning and zoning commission. The evil to be avoided is the creation of a situation tending to weaken public confidence and to undermine the sense of security of individual rights which the property owner must feel assured will always exist in the exercise of zoning power. We have held that bias can take the form of favoritism toward one party or hostility toward the opposing party; it is a personal bias or prejudice which imperils the open-mindedness and sense of fairness which a zoning official in our state is required to possess. The decision as to whether a particular interest is sufficient to disqualify, however, is necessarily a factual one and depends upon the circumstances of the particular case. (citations omitted).
Cioffolette v. Planning Zoning Commission, 209 Conn. 544, 553-54,552 A.2d 796 (1989). The plaintiffs did not seek to disqualify the member at the time of the hearing and present no other evidence to the court to show that the member was biased by his attendance at the meeting prior to the hearing. The court in Cioffoletti stated further that "this issue [bias/predisposition] involves a question CT Page 1926 of fact and the burden of proving the illegality was on the plaintiffs." Id. p. 555. The plaintiffs' claim of bias or predisposition of this one member is without merit.
The second claim is that the Board failed to give the plaintiffs a fair and impartial hearing. The basis of their claim is that during the hearing one of the members asked the Board to take a hand count on how many people were in favor of the issuance of the permit and how many were against it. At the member's request the count was taken. The plaintiffs claim that such actions were inflammatory and self-serving and not proper procedure.
The court in Cassella v. Civil Service Commission, 4 Conn. App. 359,494 A.2d 909 (1985) states the standard to be applied when a zoning board sits in its quasi-judicial capacity as follows
 The test of the action of a board of commissioners in a quasi-judicial hearing is whether the plaintiff had a reasonable opportunity to hear and to be heard upon the charges preferred against him and whether the proceedings were conducted in a fair and impartial manner. While proceedings before the zoning and planning boards and commissions are informal and are conducted without regard to the strict rules of evidence, nevertheless, they cannot be so conducted as to violate the fundamental rules of natural justice. Due process of law requires that the parties involved have an opportunity to know the facts on which the commission is asked to act, to cross-examine witnesses and to offer rebuttal evidence. (citations omitted).
Id. at pp. 362-363.
The plaintiffs do not claim that they were not given an opportunity to know the facts on which the commission was asked to act, to present evidence, to cross-examine, or to offer rebuttal witnesses. Instead they claim that the taking of a hand vote rendered the hearings unfair and impartial. The actions of the Board were within he guidelines set out in Cassella. At oral argument, the counsel for the Board explained that the hearing was an informal proceeding attended by a large crowd and the hand count was taken to determine how many would speak in favor of and against the application so as to enable the Board to manage its time. There is no evidence to the contrary. The Board's actions did not rise to such a level as to offend natural justice or render the hearing unfair or impartial and therefore the plaintiffs' claim is without merit. CT Page 1927
V. Statutory Construction
The final claim of the plaintiffs is that the Board was incorrect in its interpretation of the word "complete" in Municipal Code sec. 35-12.7. The plaintiffs claim that the Board should have looked to the basic building code to determine whether the plaintiffs' application was complete before the moratorium took affect. The plaintiffs, in support of their position, introduced at the hearing a letter form the corporation counsel of the city, of Hartford in which he concluded that the plaintiffs' application was complete on June 21, 1989, and therefore exempt from the moratorium. The Board, at its October 3, 1989 hearing, concluded that the application was not complete on June 21, 1989, and was therefore subject to the moratorium.
"The question of whether a particular statute or regulation applies to a given set of facts is a question of statutory interpretation. Although the position of the municipal land use agency is entitled to some deference, the interpretation of provisions in the ordinance is nevertheless a question of law for the court. The court is not bound by the legal interpretation of the ordinance by the town." Coppola v. Zoning Board of Appeals,23 Conn. App. 636, 640, 583 A.2d 650 (1990). The court has developed a standard for statutory interpretation as follows:
 General Statutes sac. 1-1(a) requires that "in the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language, and technical words and phrases, and such as have acquired a peculiar and appropriate meaning in the law, shall be construed and understood accordingly." If the statutory language is clear and unambiguous, there is no room for construction. If there is no ambiguity in the language of the statute, it does not become ambiguous merely because the parties argue for or would prefer different meanings. When language used in a statute is clear and unambiguous, its meaning is not subject to modification or construction. (citations omitted).
State Medical Society v. Board of Examiners in Podiatry, 208 Conn. 709,721, 546 A.2d 830 (1988). The court has extended this rule of statutory construction to include the interpretation of city ordinances. Reed v. Planning Zoning Commission, 12 Conn. App. 153,158, 529 A.2d 1338 (1987).
The ordinance in question provides for an exception to the CT Page 1928 moratorium in certain circumstances. The pertinent part of the ordinance reads as follows:
 This ordinance shall not apply to the issuance of a zoning permit by the zoning administrator in any situation where a complete building permit application has been filed with the building official as required under the state basic building code prior to the adoption of this ordinance. A complete building permit application shall be one which complies with all provisions of the state basic building code and of this chapter so that after review by the building official, a building permit may be issued without any changes or additional information required for approval. (emphasis added).
Municipal Code sec. 35-12.7. To determine if an application is complete, the ordinance directs the court's attention to the basic building code. When the plaintiffs submitted their plans on June 21, 1989, the building inspector checked off that all the necessary paperwork had been filed according to the building code. Transcript p. 65. Additional papers were submitted after June 21, 1989, at the request of the building officials, but based on advice from corporate counsel, they were deemed to have been filed at the same time as the original application. The Board after the hearing concluded that the permit was not complete before the moratorium went into effect and thus revoked the permit.
The ordinance instructs the Board to look to the basic building code to determine if an application is complete. The Connecticut Basic Building Code sec. 112.8 states:
 Subject to the limitations of Section 112.9, amendments to a plan, application or other records accompanying the same may be filed at any time before the completion of the work for which the permit is sought or issued; and such amendments shall be deemed part of the original application and shall be filed therewith. (emphasis added).
Connecticut Basic Building Code sec. 112.8. The language of the ordinance and building code are unambiguous and therefore the rules of statutory construction do not apply. The ordinance refers to the code and the code states that amendments to an application are to be deemed filed with the original application. The papers filed after the original application are deemed to be filed on June 21, 1989, and, therefore, the application is deemed complete on that
CT Page 1929
day and the moratorium would not apply.
Plaintiffs' appeal is sustained.
SCHIMELMAN, J.