[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for a declaratory judgment and other CT Page 2432 relief to declare a provision of the Bethel Zoning Regulations unconstitutional. The plaintiff church claims that municipal Zoning regulations which prevent churches as a permitted use in any zone of the municipality and allow them only by special permit violate the constitutional rights of the church and its members to the free exercise of religion, that the regulations abridge freedom of religions speech and assembly, and that they violate equal protection under theFourteenth Amendment.
Declaratory judgments are governed by section 390 of the Connecticut Practice Book. Section 390(c) allows the court to decline to render a declaratory judgment where another proceeding is available. Honis v. Cohen, 18 Conn. App. 80,84; Hartford Electric Light Co. v. Water Resources Commission, 162 Conn. 89, 105; Cavallaro v. Durham,190 Conn. 746. The plaintiff brought a timely appeal from the decision of the Bethel Planning Zoning Commission denying its application for a special permit. Grace Community Church v. Planning Zoning Commission of the Town of Bethel, et al., Docket No. CV90-0303616S. In that appeal, tried as a companion case to this action, it was held that the Commission improperly denied the special permit.
The courts of this state resolve constitutional claims only when essential to decide the controversy between the parties. Adolphson v. Zoning Board of Appeals, 205 Conn. 703,720; Maloney v. Pac, 183 Conn. 313, 324. As a result of the decision in the administrative appeal, the plaintiff is entitled to a special permit to build a church building on its property on Walnut Hill Road in accordance with a site plan previously approved by the Planning Zoning Commission. It is unlikely that the Commission will refuse to issue the special permit or that the church will experience any extensive delay in obtaining it. Once the permit is issued and the church is built, the constitutional issues raised in this action become academic. In any event, there is no practical reason to decide them at this time. Section 390(c) CT Page 2433 of the Connecticut Practice Book.
The plaintiff also requests compensatory damages for alleged deprivation of its constitutional rights under42 U.S.C. § 1983. The gravamen of that claim is that the refusal of the defendant Commission to issue a special permit to allow construction of a church building on property purchased by the plaintiff in a residential zone violated the plaintiff's rights of religion, speech, assembly and equal protection under the First andFourteenth Amendments of the U.S. Constitution, and is an unconstitutional taking of property under the Fifth Amendment.
The Commission initially issued a special permit to the plaintiff in 1988 which was set aside on appeal on a procedural ground. While the next application was denied in October 1990, the decision in the administrative appeal resolves the church's right to an approval. In order to recover in a section 1983 action, a plaintiff must show, among other things, deprivation of a federally protected right. Screws v. United States, 325 U.S. 91, 108. The plaintiff has suggested deferral of this issue. However, the U.S. Supreme Court has stated in the context of a takings claim in a land use case that normal delays in processing land use approvals usually are not temporary takings. First English Lutheran Evangelical Church v. County of Los Angeles, 482 U.S. 304, 321. The Second Circuit has also recognized problems with a civil rights claim where zoning officials have some discretion in granting an approval, Yale Auto Parts, Inc. v. Johnson, 758 F.2d 54 (2nd Cir. 1985). A party does not have the right to determine what issues in a case are decided or deferred. The plaintiff did not prove by a preponderance of the evidence a civil rights claim under the existing facts and history of this case to date and that the delays in issuance of the special permit, not all of which have been caused by the Commission, have violated the federal civil rights of the plaintiff. A religious society does not have an absolute right to build a church on demand whenever and wherever it wants.
The declaratory judgment and other relief requested in the complaint are denied without pre judice to the plaintiff's right to request reconsideration of the issues if the special permit is not issued. Jurisdiction is retained for that limited purpose.
ROBERT A. FULLER, JUDGE
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 2450