JOHN C. KUCEJ ET AL. *v.* TOWN CLERK OF THE
TOWN OF FAIRFIELD ET AL.
(13617)

Dupont, C. J., and Spear and Healey, Js.

---

Argued January 22—decision released March 26, 1996

*Linda P. Dunphy,* for the appellants (plaintiffs).

*James E. Rice,* assistant town attorney, with whom, on the brief, was *Linda R. Pesce,* for the appellees (defendants).

DUPONT, C. J. In this declaratory judgment action, the plaintiffs[1] seek a judgment declaring a decision of the zoning board of appeals of the town of Fairfield (board) null and void. The trial court refused to grant declaratory relief and rendered judgment in favor of the defendants.[2] The plaintiffs appealed from the judgment to this court. Because we conclude that the trial court did not have jurisdiction to render a judgment on the present record, we reverse the judgment and remand the case for further proceedings.

The following facts are necessary for the resolution of this appeal. On June 23, 1993, the plaintiffs applied to the board for a variance for their property located at 1011 Fairfield Beach Road in the town of Fairfield.

---

[1] The plaintiffs in this appeal are John C. Kucej and Joanne L. Kucej.

[2] The defendants in this appeal are the town clerk of the town of Fairfield, the zoning board of appeals of the town of Fairfield, and George W. Ganim, an adjoining property owner.

Legal notice of a public hearing on the plaintiffs' applica-
tion was published in a Fairfield newspaper on June
25 and July 2, 1993. The legal notice listed the date of
the public hearing as July 8, 1993. In addition to legal
notice, the board posted notice on the plaintiffs' prop-
erty that provided that a public hearing on the plaintiffs'
application would be held on July 5, 1993.[3] The hearing
was actually conducted on July 8, 1993. Thereafter, the
board issued a decision granting in part, and denying
in part, the plaintiffs' variance application.

On July 29, 1993, the plaintiffs filed this action in the
Superior Court seeking to void the board's decision,
which partially denied their request for a variance. The
plaintiffs claimed that notice of the public hearing was
improper and contradictory and, thus, deprived them
of due process of law. On April 26, 1993, the trial court
issued a memorandum of decision in which it found
that the plaintiffs had abandoned the issue of whether
the notice was improper due to the plaintiffs' failure to
brief that issue.[4] In fact, no brief had been filed in this
case. The trial court, however, had reviewed the brief
in a companion zoning appeal[5] and concluded that the
legal notice that was published in a Fairfield newspaper
complied with General Statutes § 8-7.[6] The trial court
also stated that the "[posted] notice was not legally
required and amounts to personal not statutory notice.
While this additional notice may have been misleading,

[3] Upon review of the record, we are unable to determine the date on
which the board posted notice on the plaintiffs' property.

[4] In its memorandum of decision, the trial court noted that "the only
evidence offered was that the plaintiffs are the owners of the property
involved in this action."

[5] The plaintiffs also filed a separate administrative appeal from the decision
issued by the board on the plaintiffs' variance application.

[6] General Statutes § 8-7 provides in pertinent part: "Notice of the time
and place of such hearing shall be published in a newspaper having a
substantial circulation in such municipality at least twice at intervals of not
less than two days, the first not more than fifteen days, nor less than ten
days, and the last not less than two days before such hearing. . . ."

it did not mislead the plaintiffs, who attended or were represented at the public hearing on July 8. Attendance at the hearing is a waiver of any defect in the notice as to them." Accordingly, the trial court rendered judgment for the defendants.

We initially note that the relief sought by the plaintiffs, as stated in their complaint, is for "[a]n order declaring the decision rendered by the defendant board be declared null and void." Neither the phrase "declaratory judgment" nor the phrase "declaratory relief" appears in the complaint; we nonetheless conclude that the language used in the complaint is sufficient to be treated as alleging that the plaintiffs sought a declaratory judgment. See *Beit* v. *Beit*, 135 Conn. 195, 202, 63 A.2d 161 (1948). The plaintiffs' complaint, therefore, invokes the declaratory judgment provision of General Statutes § 52-29,[7] as implemented by Practice Book §§ 389[8] and 390.[9] See *Mannweiler* v. *LaFlamme*, 232 Conn. 27, 34, 653 A.2d 168 (1995).

General Statutes § 52-29 (a) permits the Superior Court to "declare rights and other legal relations." In order for a trial court to have jurisdiction over a declaratory judgment action, the notice requirements of Practice Book § 390 (d) must be satisfied. *Mannweiler* v. *LaFlamme*, supra, 232 Conn. 32.

[7] General Statutes § 52-29 (a) provides: "The superior court in any action or proceeding may declare rights and other legal relations on request for such a declaration, whether or not further relief is or could be claimed. The declaration shall have the force of a final judgment."

[8] Practice Book § 389 provides: "The court will, in cases not herein expected, render declaratory judgments as to the existence or nonexistence (a) of any right, power, privilege or immunity; or (b) of any fact upon which the existence or nonexistence of such right, power, privilege or immunity does or may depend, whether such right, power, privilege or immunity now exists or will arise in the future."

[9] Practice Book § 390 provides in pertinent part: "The court will not render declaratory judgments upon the complaint of any person . . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof."

Because neither the Appellate Court record nor the trial court file disclosed compliance with § 390 (d), we asked the parties for clarification. At oral argument, counsel for the plaintiffs conceded that the plaintiffs have not attempted to obtain, nor had the trial court issued, an order of notice. This lack of notice deprived the trial court of jurisdiction to render a judgment in this case.

This conclusion, however, does not necessarily require a dismissal of the plaintiffs' action. "A jurisdictional defect relating to notice can be remedied in any of the ways noted in *Connecticut Ins. Guaranty Assn.* v. *Raymark Corporation*, [215 Conn. 224, 230, 575 A.2d 693 (1990)]." *Serrani* v. *Board of Ethics*, 225 Conn. 305, 309, 622 A.2d 1009 (1993). On remand, the plaintiffs may take appropriate action to cure the jurisdictional defect regarding the notice requirement. *Mannweiller* v. *LaFlamme*, supra, 232 Conn. 36.

The only pleading before the trial court was the complaint. There is no answer, special defense or counterclaim and the record is devoid of any of the standard pleadings as provided by Practice Book § 112. "The proposition that the pleadings frame the issues before a trial court is well established in our caselaw." *Doublewal Corp.* v. *Toffolon*, 195 Conn. 384, 390, 488 A.2d 444 (1985). In order properly to adjudicate a case, "a trial court must have, '[b]esides jurisdiction of the person of the defendant and of the general subject-matter of the action . . . jurisdiction of the precise question which its judgment assumes to decide, or of the particular remedy or relief which it assumes to grant.' " Id., quoting 1 Black, Judgments (2d Ed. 1902) § 242; *New Haven Sand Blast Co.* v. *Dreisbach*, 104 Conn. 322, 329–30, 133 A. 99 (1926); *Case* v. *Bush*, 93 Conn. 550, 552–53, 106 A. 822 (1919).

The issues in this case have not been joined and the case was not ready for final judgment when the trial

court decided it. See *Cavalli* v. *McMahon*, 174 Conn. 212, 215, 384 A.2d 374 (1978). "A failure to close the pleadings, where all the parties were present and represented, will not fatally affect the jurisdiction of a case." *Rummel* v. *Rummel*, 33 Conn. App. 214, 219, 635 A.2d 295 (1993). Because we must remand the case in order to cure the lack of the notice required by § 390 (d), we also remand with direction to the trial court to open the judgment so that the pleadings may be closed, thus enabling the trial court to properly adjudicate the issues as framed by the pleadings. See id.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.