[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from the decision of the Enfield Planning and Zoning Commission granting the application of the Defendant Leete-Stevens, Inc. (hereinafter, Stevens) to locate, maintain and conduct a crematory at Leete-Stevens Chapels in Enfield pursuant to section 19a-320 of the Connecticut General Statutes. The plaintiffs have raised several issues, including the validity of the Board's action as a result of failure to publish notice for one of the public hearings. The defendants have CT Page 14287 challenged the jurisdiction of the court to hear this appeal. In addition, the plaintiff Edward Sidor died during the pendency of the appeal. The plaintiffs moved to substitute the Executrix named in the will of Edward Sidor as plaintiff. The defendants object to the substitution, claiming that the Executrix is not an aggrieved party for purposes of maintaining this zoning appeal.
The following undisputed facts are pertinent. Stevens filed a zoning application requesting a special use permit for the operation of a crematory and equipment on its at 61 South Road. Notice of the public hearing was duly published in the Journal Inquirer on May 23 and May 30, 1998. The published notice read as follows: PH141402. Special Use Permit for operation of a crematory at 9-1.8 Leete-Stevens Enfield Chapels, 61 South Road (Map 73, Lot 88) R33 zone. Leete-Stevens, Inc. applct/owner. Sec. 16-2.9. The hearing was held on June 4, 1998. At the beginning of the hearing, Stevens' attorney stated that the application for the operation of the crematory and equipment was inaccurately brought pursuant to 16-2.9[1] and was actually being brought pursuant to section19a-320[2] of the Connecticut General Statutes. The commissioners discussed whether another application was to be required, and it was decided that the Town Attorney would be asked for an opinion with respect to whether a more appropriate notice should be published and the hearing continued to the next date. Thereafter, the hearing proceeded. Richard Stevens spoke on his own behalf. A representative of the crematory manufacturer also spoke. The plaintiff Urbanowicz and several residents of Enfield spoke in opposition to the application. At the conclusion of the June 4 hearing, the Chairman stated that the public hearing would be open for any additional information that anyone wished to submit, and would be continued to June 18. Notice for the June 18, 1998 public hearing was not published.
At the commencement of the June 18 hearing, Stevens' attorney indicated that he was aware of a notice problem in that notice for the hearing was not published and, consequently, there would be a republication and the hearing would be continued to July 2. He then queried the commission as to whether the commission would take testimony on June 18. The Commission Vice Chairman stated that the hearing would proceed. At that point, Stevens' attorney introduced a new proposal which changed the location of the crematory and involved the use of an additional lot abutting the previously-designated lot. The architect of the proposed building spoke as did several residents for and against the application. The hearing was then continued to July 2.
On June 20 and June 27, 1998, notice of the amended application was published in the Journal Inquirer. This notice stated as follows: PH1414.02 — Application to locate, maintain and conduct a crematory CT Page 14288 at Leete-Stevens Enfield Chapels, 61 South Road and abutting land (Map 73, Lots 88 89) R33 zone — Leete-Stevens, Inc. applct/owner. Sections 19a-320 Connecticut General Statutes. The hearing was concluded on July 2. On July 23, the Commission voted to approve the application by a vote of 4-3. The reasons given were that it is an accessory use to the present use of the building, that it meets current state statutes, and that it will not negatively impact the neighborhood. The plaintiffs appealed from the board's decision pursuant to section 8-8 of the General Statutes.
 SUBJECT MATTER JURISDICTION
"Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction. . . . As a result, the trial court (is) required to address the jurisdictional challenge before ruling on other motions . . ." Sosin v. Scinto, 57 Conn. App. 581, 588 (2000).
The defendants claim that this court is without subject matter jurisdiction to entertain the plaintiffs' appeal because C.G.S. section19a-320 does not provide a right to appeal and, alternatively, if any right of appeal exists, it exists under the Uniform Administrative Procedures Act, and the plaintiffs' complaint is insufficient to state a claim for classical aggrievement which is required by that Act. The defendants moved to dismiss the appeal. After a hearing, the court (McWeeny, J.) denied the motion stating that the planning and zoning commission decision under sec. 19a-320 is a zoning decision for purposes of sec. 8-8 (a) and (b), and there is no sec. 19a-320 reference to other appellate remedies or absence of appeal rights. (Order dated March 1, 1999). The defendants claim that Judge McWeeny's decision was made without prejudice and sought to have the trial court revisit the matter. This court sees no reason to disagree with Judge McWeeny's ruling. Section 19a-320 of the Connecticut General Statutes provides, in relevant part:
 The location of such crematory . . . shall be within the confines of a plot of land approved for the location of a crematory by the selectmen of any town, the mayor and council or board of aldermen of any city and the warden and burgesses of any borough; provided, in any town, city or borough having a zoning commission, such commission shall have the authority to grant such approval.
The statute explicitly delegates to local planning and zoning commissions CT Page 14289 the authority to determine whether approval for the location of a crematory should be granted even if it it meets all the criteria established under the statute. The mere fact that "a statute regulates the same subject . . . does not deprive the local government of the power to act in a more comprehensive, but not inconsistent manner." P.X.Restaurant, Inc. v. Windsor, 189 Conn. 153, 161, 454 A.2d 1258 (1983). "[A] local ordinance is preempted by a state statute whenever the legislature has demonstrated an intent to occupy the entire field of regulation on the matter." Shelton v. Commissioner, 193 Conn. 506, 517,479 A.2d 208 (1984). The legislature did not demonstrate such an intent in this statute. Instead the legislative history clearly demonstrates the legislative intent to permit local zoning authorities to decide whether an application made under section 19a-320 should be approved with respect to the location of a crematory not in a cemetery.
 "The department would like first to introduce a substitute on this bill so that it will go into effect at once. The present law places before the State Department of Health for approval not only the construction plans but location also. This bill would put the location up to the local authorities and only construction plans to the Department of Health. The department and Public Health Council approve the bill. We feel the local communities should be the ones to say whether it should be built in their community or not."
S.B. 131 AN ACT CONCERNING CREMATORIES.W.J. Scott, Director of the Bureau of Sanitary Engineers, State Department of Health. March 6, 1945.
Moreover, unlike the cases cited by the defendants in their motion to dismiss, this case does not involve a statutory scheme for the issuance of certificates of location approval. C.G.S. 19a-320, unlike the statutes interpreted in those cases (C.G.S. sec. 14-54, et seq.), does not by its language make the local zoning authority a conduit for the granting of a license. Thus, the appeal in this case is properly taken pursuant to C.G.S. sec. 8-8 (a) and (b), and the issue of subject matter jurisdiction is governed by that statute.
 AGGRIEVEMENT
"Aggrievement falls within two broad categories, classical and statutory. The factors involved in whether classical aggrievement exists are tempered by the subject matter of the litigation. A party has been classically aggrieved if it successfully demonstrates a specific, personal and legal interest in the subject matter of the decision, as CT Page 14290 distinguished from a general interest, such as the concern of all members of the community as a whole, and successfully establishes that this specific, personal and legal interest has been specially and injuriously affected by the decision. . . . Statutory aggrievement exists by legislative fiat, which grants appellants standing by virtue of a particular legislation, rather than by judicial analysis of the particular facts of the case." (Citations omitted.) Zoning Board of Appeals v.Planning Zoning Commission, 27 Conn. App. 297, 300-301, 605 A.2d 885
(1992). "`Pleading and proof of aggrievement [are] prerequisite[s] to a trial court's jurisdiction over the subject matter of an appeal.'" Lewinv. United States Surgical Corporation, 21 Conn. App. 629; 631,575 A.2d 262, 264 (1990). The question of aggrievement is essentially one of standing. Beckish v. Manafort, 175 Conn. 415, 419, 399 A.2d 1274
(1978). Without pleading and proving aggrievement, the plaintiffs lack standing to challenge the board's decision. "Cole v. Planning ZoningCommission, 30 Conn. App. 511, 514 (1993) 620 A.2d 1324; DiBonaventurav. Zoning Board of Appeals, 24 Conn. App. 369, 373 (1991)588 A.2d 244. Page 373
Based on the evidence, the court finds that the plaintiff Penny Urbanowicz has proven statutory aggrievement. Her property is located within 100 feet of the subject property. The court finds that the plaintiff Urbanowicz has satisfied the two-pronged requirement for classical aggrievement. At the time of the appeal, the plaintiff Edward Sidor was statutorily aggrieved in that he owned property within 100 feet of the subject. Mr. Sidor died during the pendency of this appeal. On June 19, 2000, the plaintiffs moved for an order substituting Debra M. Shlata, the duly named executrix of the estate of the deceased in the Court of Probate, District of Enfield, as a plaintiff in this action. In support of their motion, the plaintiffs cite C.G.S. sec. 52-599 which provides for the continuance of a civil action by or against the executor or administrator of the decedent.
The defendants oppose the plaintiffs' motion and cite Pollio v.Conservation Commission of Town of Somers, 32 Conn. App. 109 (1993) andGoldfeld v. Planning and Zoning Commission of the Town of Greenwich,3 Conn. App. 172 (1985) for the proposition that the ownership interest in property necessary to be an aggrieved party must be maintained through the time of trial.
The appellate courts of this state have not ruled on the issue of whether an executor of an estate may be "aggrieved" for the purpose of maintaining an appeal from the decision of a local zoning commission. InRichards v. Planning Zoning Commission, supra, 170 Conn. 323, our Supreme Court analyzed decisions from Connecticut and other jurisdictions that addressed aggrievement issues and concluded that "it is not possible CT Page 14291 to extract a precise comprehensive principle which adequately defines the necessary interest which a nonowner must possess in order to have standing. . . ." Id., 323-24. The court noted that a determination of aggrievement is not based primarily on a categorization of the applicant, but on a variety of factors specific to the facts of each case such as "[w]hether the applicant is in control of the property, whether he is in possession or has a present or future right to possession, whether the use applied for is consistent with the applicant's interest in the property, and the extent of the interest of other persons in the same property. . . ." RR Pool Home, Inc. v. Zoning Board of App.,43 Conn. App. 563, 572 (1996) 684 A.2d 1207.
The executor is a fiduciary who holds the decedent's estate, including real property, in trust for the heirs of the decedent. Strictly speaking, the executrix in this case is not an "aggrieved person" as defined in C.G.S. sec. 8-8 because she does not own the land that abuts or is within one hundred feet of the subject property. The estate is statutorily aggrieved. She is the legal representative of the estate of Edward Sidor, the deceased plaintiff. As such, in the opinion of this court, the executrix may be properly substituted as plaintiff in this case.
 PUBLICATION OF NOTICE
The defendant Commission argues that neither the Connecticut General Statutes nor the Enfield Zoning Regulations required the Commission to publish a new notice for a continued hearing. The Commission also contends that the "minor revisions" made to the application and site did not constitute a second zoning which required publication of notice. This court disagrees.
In Cocivi v. Plan and Zoning Commission, 20 Conn. App. 705, 708,570 A.2d 226 (1990), the appellate court held: "A notice is proper only if it fairly and sufficiently apprizes the public of the action proposed, making possible intelligent preparation for participation in the hearing. (Internal citations omitted). Not all flaws in the notice are fatal; for example, the notice need not describe the proposed action with exactitude. Welles v. East Windsor, 185 Conn. 556, 559-60, 441 A.2d 174
(1981). A defect, however, may not be misleading. Cavallaro v. Durham,190 Conn. 746, 749, 462 A.2d 1042 (1983)." Because the proposed plan was modified to include "abutting land", it is the opinion of the court that the new proposal constituted a new application and publication of notice of a public hearing on that application was required. "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question CT Page 14292 belong. . . . The same principle applies to administrative agencies . . . including zoning authorities." (Citations omitted; internal quotation marks omitted.) Lauer v. Zoning Commission, 220 Conn. 455, 460,600 A.2d 310 (1991), quoting Caserta v. Zoning Board of Appeals,219 Conn. 352, 358, 593 A.2d 118 (1991). Koskoff v. Planning and ZoningCommission, 27 Conn. App. 443, 446, 607 A.2d 1146 (1992). Whether failure to give notice affects subject matter jurisdiction depends on who is to be notified. When the notice contemplated is personal, failure to issue such notice does not affect subject matter jurisdiction. Lauer v. ZoningCommission, supra, 462; see Sachem's Head Assn. v. Lufkin, 168 Conn. 365,362 A.2d 519 (1975). When the notice required, however, is constructive notice to the general public by means of legal advertisement, failure to issue such notice properly is a defect implicating subject matter jurisdiction. Lauer v. Zoning Commission, supra, 461; see, e.g., JarvisAcres, Inc. v. Zoning Commission, 163 Conn. 41, 44, 301 A.2d 244 (1972) (failure to publish notice in newspaper pursuant to General Statutes 8-3
constitutes jurisdictional defect); Hartford Electric Light Co. v. WaterResources Commission, 162 Conn. 89, 109, 291 A.2d 721 (1971) (insufficient published notice to general public constitutes due process violation and, therefore, is jurisdictional defect); Slagle v. ZoningBoard of Appeals, 144 Conn. 690, 137 A.2d 542 (1957) (inadequate public notice constitutes jurisdictional defect); Smith v. F.W. Woolworth Co.,142 Conn. 88, 94, 111 A.2d 552 (1955) (inadequate publication of notice of public hearing in newspaper is jurisdictional defect); Hutchison v.Board of Zoning Appeals, 138 Conn. 247, 251, 83 A.2d 201 (1951) (failure to give proper notice constitutes jurisdictional defect).
Strict compliance with statutory mandates regarding notice to the public is necessary because "[i]n the absence of newspaper publication, unknown individuals with an interest in zoning matters would have no way of learning what zoning decisions were being contemplated." Lauer v.Zoning Commission, supra, 462; Schwartz v. Hamden, 168 Conn. 8, 15,357 A.2d 488 (1975). Even if the complaining party appears at the public hearing, "[f]ailure to provide such notice deprives the administrative tribunal of subject matter jurisdiction . . . since the legislative intent to notify the public constructively would otherwise be frustrated." (Internal quotation marks omitted). Lauer v. ZoningCommission, supra, 462, quoting Schwartz v. Hamden, supra, 15.
Based on the above, the court finds that the failure to publish notice constituted a jurisdictional defect. The action of the Enfield Planning and Zoning Commission granting the approval of the Stevens' application is, therefore, void.
Gallagher, J. CT Page 14293