[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiffs John C. Kucej and Joanne L. Kucej seek a declaratory judgment invalidating a decision of the defendant Fairfield Zoning Board of Appeals, which partially denied the plaintiffs' application for a variance. The plaintiffs claim that defendant board gave improper and contradictory notice of the public hearing on the application for the variance and that, as a consequence of the impropriety, the board lacked CT Page 14406 jurisdiction to hear the plaintiffs' application and thereby deprived the plaintiffs and other interested persons of due process of law. For the reasons stated below, the requested relief is denied.
On July 8, 1993, the plaintiffs and their attorney attended the public hearing on their application for a variance. Thereafter, they appealed from the board's decision to the Superior Court. Kucej et al. v. ZoningBoard of Appeals of the town of Fairfield, No. CV93 03064785 (J.D. of Fairfield at Bridgeport). One of the alleged grounds of that appeal was "said hearing was improperly noticed." In 1994, the court (Fuller, J.) found the issues in favor of the board and dismissed the appeal. The plaintiffs did not appeal the trial court's decision on the zoning appeal.
In 1993, the plaintiffs also commenced this action for a declaratory judgment. The case is now before this court on remand from the Appellate Court, which reversed a decision of this court (Fuller, J.). Kucej etal. v. Town of Fairfield et al., 40 Conn. App. 692, 673 A.2d 578 (1996). The Appellate Court, noting that the plaintiffs were seeking a declaratory judgment, held that this court lacked jurisdiction to render a declaratory judgment because of the failure to satisfy the notice requirements of section 390 of the Practice Book of 1978, as revised (now § 17-56 of the Revision of 1998), and remanded the case in order to cure the lack of notice and with the further direction to close the pleadings. The plaintiffs' thereafter obtained an order of notice. Based on the officer's supplemental return that was filed in this court on October 23, 2001, this court finds that notice of these proceedings was duly published in the Connecticut Post, which is a newspaper that is widely circulated in the Town of Fairfield and the Bridgeport metropolitan area. See Practice Book § 11-7. This court concludes that all persons who have an interest in the subject matter of this declaratory action have been given notice pursuant to the requirements of Practice Book § 17-56(b). This court also notes that the pleadings have been closed.
The facts have been established by the pleadings and the parties' factual stipulation, which they set forth in court on August 8, 2001. A partial recitation of the facts appears in the Appellate Court opinion. "On June 23, 1993, the plaintiffs applied to the board for a variance for their property located at 1011 Fairfield Beach Road in the town of Fairfield. Legal notice of a public hearing on the plaintiffs' application was published in a Fairfield newspaper on June 25 and July 2, 1993. The legal notice listed the date of the public hearing as July 8, 1993. In addition to legal notice, the board posted notice on the plaintiffs' property that provided that a public hearing on the plaintiffs' application would be held on July 5, 1993. The hearing was CT Page 14407 actually conducted on July 8, 1993. Thereafter, the board issued a decision granting in part, and denying in part, the plaintiffs' variance application.
"On July 29, 1993, the plaintiffs filed this action in the Superior Court seeking to void the board's decision, which partially denied their request for a variance. The plaintiffs claimed that notice of the public hearing was improper and contradictory and, thus, deprived them of due process of law." Kucej et al. v. Town of Fairfield et al., supra,40 Conn. App. 693-95. The plaintiffs are still the owners of the property at 1011 Fairfield Beach Road. Defendant George W. Ganim, who was made a party to this action on his own motion, was, and still is, the owner of abutting property. The notice that was posted on the plaintiffs' property is Exhibit 1. The zoning regulations of the town did not require the posting of a placard or notice on the plaintiffs' property.
The parties present three issues: (1) whether the defendant board had jurisdiction to conduct a hearing on the plaintiffs' application for a variance; (2) whether the board's posting of the placard resulted in a deprivation of the plaintiffs' rights to due process; (3) whether the board's posting of the placard resulted in a deprivation of other interested person's rights to due process. These issues, jurisdiction and due process, are intertwined.
The board was required by General Statutes § 8-7 and town regulation to give constructive notice of the hearing to the general public.[1] Although General Statute § 8-7 provides that a zoning commission may, by regulation, choose to provide actual notice of hearings by mail to abutting landowners, the zoning commission of the Town of Fairfield has not adopted such a regulation. "[The statutory notice] requirements are for the protection of property interests and therefore implicate rights of due process." Cocivi v. Planning ZoningCommission, 20 Conn. App. 705, 707, 570 A.2d 226, cert. denied214 Conn. 808, 573 A.2d 319 (1990). "The law is clear that failure to give proper notice of a hearing constitutes a jurisdictional defect, results in a lack of due process, and renders the action of the commission granting the zone change null and void." Jarvis Acres, In.rev. Zoning Commission, 163 Conn. 41, 301 A.2d 244 (1972). "When the notice required . . . is constructive notice to the general public by means of legal advertisement, failure to issue such notice properly is a defect implicating subject matter jurisdiction. Koskoff v. Planning ZoningCommission, 27 Conn. App. 443, 446, 607 A.2d 1146, cert. granted222 Conn. 912, 608 A.2d 695 (1992). "Even if the complaining party appears at the public hearing, `[f]ailure to provide such notice deprives the administrative tribunal of subject matter jurisdiction . . . since the legislative intent to notify the public constructively would CT Page 14408 otherwise be frustrated.'" Id, at 447.
The posting of the placard on the plaintiffs' property did not deprive the board of jurisdiction. The parties agree that the notices that were published in the Connecticut Post on June 25 and July 2, 1993, when considered in the absence of the placard, fully complied with section 8-7
and the pertinent town regulation. The placard notice, which was not required by statute or regulation, erroneously stated that the hearing would be held on July 5, 1993, rather than July 8, 1993. "While it is true that failure to give proper notice constitutes a jurisdictional defect to action by the commission; Brazo v. Real Estate Commission,177 Conn. 515, 518, 418 A.2d 883 (1979); if proper notice is published according to law, the commission is not precluded from holding a hearing and taking appropriate action merely because another notice may have been defective." Cavallaro v. Town of Durham, 190 Conn. 746, 748, 462 A.2d 1042
(1983). The defendant board, having complied with the enabling statutes, had jurisdiction to hear the plaintiffs' application for a variance.
The plaintiffs claim that the placard notice mislead them as to the date of the hearing thereby depriving them of their rights to due process. "What constitutes due process in procedures that affect property rights is to be determined by a consideration of the effect of the given procedure upon such rights. A proposal to alter the zoning restrictions made applicable to particular land may operate to depreciate the property rights of surrounding landowners, and in such instances due process with respect to landowners would require either personal or constructive notice that is reasonably adequate to inform them of the pendency of the procedure." Cugini v. Chiaradio, 96 R.I. 120, 189 A.2d 798 (1963). Since the plaintiffs appeared at the hearing before the defendant board, they were afforded the opportunity to present their arguments for the variance. They were not deprived of due process by reason of a failure to have an opportunity to be heard.
The plaintiffs also claim that other interested persons were deprived of due process. "The general rule is that a litigant may only assert his own constitutional rights or immunities." Shaskan v. Waltham IndustriesCorporation, 168 Conn. 43, 357 A.2d 472 (1975). This court will, nevertheless, consider this issue since the jurisdiction and due process issues are intertwined. Although notice of this declaratory action was published in a newspaper of substantial circulation in the Town of Fairfield, no one responded to the notice or filed an appearance in this case. There was no evidence presented in this case that anyone other than the plaintiffs claim that the placard caused a lack of due process. Indeed, there are no facts that show the placard caused prejudice to anyone or that anyone was deprived of an opportunity to be heard. CT Page 14409
In conclusion, this court finds the issues for the defendants. The board had jurisdiction to hear the plaintiffs' application for a variance and heard the matter without depriving the plaintiffs or any other persons of due process of law. Accordingly, the plaintiffs' action for a declaratory judgment is dismissed.
TRIM, J.