Sylvester Cocivi et al. *v.* Plan and Zoning
Commission of the Town of
Fairfield et al.
(8022)

Borden, Spallone and Lavery, Js.

Argued December 14, 1989—decision released February 20, 1990

*George J. Markley,* for the appellant (named plaintiff).

*John F. Fallon,* with whom, on the brief, were *Jay S. Kogan* and *Barbara J. O'Brien,* for the appellee (defendant Donald Scinto).

Spallone, J. The named plaintiff appeals from the trial court's dismissal of the plaintiffs'[1] appeal from the

---

[1] The plaintiffs are Sylvester Cocivi, Elizabeth Gary, Mildred Deaso, Frank Zilinyi and Joyce Zilinyi, all of whom are owners of property within 500 feet of the property that is the subject of the applications before the commission.

granting by the plan and zoning commission of the town of Fairfield (commission) of a zone change and a special permit to the defendant Donald Scinto. The dispositive issue on appeal[2] is whether the court erred in holding that a published notice stating an incorrect date for the public hearing to be held by the commission satisfied the statutory notice requirement. We find error.

The following facts are uncontested. The public hearing on the applications filed by Donald Scinto was scheduled by the commission for September 30, 1986. As mandated by General Statutes §§ 8-3 (a) and 8-3c (b),[3] notices of the time and place of the hearing were published in the Bridgeport Post on September 19 and September 26, 1986. The heading of the notice of September 19 correctly identified the hearing date as September 30 but the text of the notice stated the hearing date as July 22, 1986.[4] The second notice, published on September 26, did not contain this error.

---

[2] In view of our disposition of this issue, we need not reach the named plaintiff's other claims of error.

[3] General Statutes § 8-3 (a), relevant to hearings on zoning variances, provides in pertinent part: "Notice of the time and place of such hearing shall be published . . . in a newspaper having a substantial circulation . . . at least twice at intervals of not less than two days, the first not more than fifteen days nor less than ten days, and the last not less than two days, before such hearing . . . ." The notice requirements of General Statutes § 8-3c (b), relevant to hearings on special permits, are the same as those of § 8-3 (a).

[4] The text of the notice of September 19, 1986, as it appeared in the newspaper, was in pertinent part:

"NOTICE OF PUBLIC HEARING

SEPTEMBER 30, 1986

The Town Plan and Zoning Commission of the Town of Fairfield, Connecticut, hereby gives notice of a public hearing *to be held on July 22, 1986* at 8:35 P.M., D.S.T., in Riverfield School, Mill Plain Road, Fairfield, Connecticut, to consider the following amendment to the zoning map and zoning districts of the Town and Special Permit applications in conjunction therewith . . . ." (Emphasis added.)

On appeal to the Superior Court from the commission's subsequent granting of the variance and the special permit, the plaintiffs claimed, inter alia, that the September 19 publication constituted improper notice because the defect in the date was misleading. The commission argued that because the published date of July 22, 1986, had long since passed as of the September 19 publication, no one reading the notice could have been misled. The court agreed with the commission, finding that "[t]he error on the notice was not so misleading as to prevent the public from receiving effective notice." The court dismissed the plaintiffs' appeal and this appeal followed.

We cannot agree that this notice, defective as to the announced date of the public hearing, satisfied the statutory notice requirements. Those requirements are for the protection of property interests and therefore implicate rights of due process. *Brazo* v. *Real Estate Commission,* 177 Conn. 515, 518, 418 A.2d 883 (1979). Our courts have consistently refused to consider the adequacy of public notice to be a merely procedural matter and have unwaveringly treated failure to give proper public notice as a jurisdictional defect. *Wright* v. *Zoning Board,* 174 Conn. 488, 491, 391 A.2d 146 (1978); *Jarvis Acres, Inc.* v. *Zoning Commission,* 163 Conn. 41, 44, 301 A.2d 244 (1972); *Hartford Electric Light Co.* v. *Water Resources Commission,* 162 Conn. 89, 109, 291 A.2d 721 (1971). Compliance with the notice procedures requiring that the *time* of a scheduled public hearing be published at least twice, is a prerequisite to valid zoning authority actions. *Bombero* v. *Planning & Zoning Commission,* 17 Conn. App. 150, 154, 550 A.2d 1098 (1988). Without proper public notice, zoning authority actions are null and void. *Brazo* v. *Real Estate Commission,* supra; *Jarvis Acres, Inc.* v. *Zoning Commission,* supra; see, e.g., *Aurora* v. *Zon-*

*ing Board of Appeals,* 153 Conn. 623, 625, 220 A.2d 277 (1966) (notice failed to comply with mandated publication intervals).

A notice is proper only if it fairly and sufficiently apprises the public of the action proposed, making possible intelligent preparation for participation in the hearing. *Kleinsmith* v. *Planning & Zoning Commission,* 157 Conn. 303, 310, 254 A.2d 486 (1968); *Bombero* v. *Planning & Zoning Commission,* supra, 157–58. Not all flaws in the notice are fatal; for example, the notice need not describe the proposed action with exactitude. *Welles* v. *East Windsor,* 185 Conn. 556, 559–60, 441 A.2d 174 (1981). A defect, however, may not be misleading. *Cavallaro* v. *Durham,* 190 Conn. 746, 749, 462 A.2d 1042 (1983).

The notice in question, advising the public that the hearing was scheduled for July 22, 1986, was misleading. Readers could have been justifiably confused as to whether the hearing had already taken place, whether the entire notice was published late, or whether the notice was issued in error and no meeting was scheduled at all. Far from giving the average reader reasonable warning of a hearing; *Planning & Zoning Commission* v. *Gaal,* 9 Conn. App. 538, 545, 520 A.2d 246, cert. denied, 203 Conn. 803, 522 A.2d 294 (1987); this notice invited speculation. The commission, moreover, took no corrective action but merely ignored the mistake. The public is entitled to constructive notice of commission hearings and a defect is not cured merely because some members of the public received actual notice or in fact appeared at the hearing. *Jarvis Acres, Inc.* v. *Zoning Commission,* supra, 47. Nor was the defect cured by the second, correct notice published on September 26, 1986, because a single publication does not satisfy the statutory mandate. Id., 47–48.

We conclude that the defect in the published date of the proposed hearing rendered this notice insufficient to confer jurisdiction upon the commission to act on the applications before it. The court, therefore, erred in dismissing the plaintiffs' appeal from the action of the commission.

There is error, the judgment is set aside and the case is remanded to the trial court with direction to render judgment sustaining the appeal.

In this opinion the other judges concurred.