[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Nature of Action
This is an appeal brought pursuant to Connecticut General Statutes section 8-8. The plaintiffs Michael P. Deasy and Alfred Carnot appeal the August 23, 1988 decision of the defendant Stonington Zoning Board of Appeals denying plaintiffs' appeal of a cease and desist order issued May 23, 1988 by the Stonington Zoning Enforcement Officer.
Procedural Facts
The Zoning Enforcement Officer issued a cease and desist order dated May 23, 1988 (ROR Item 1) ordering the plaintiffs to cease activities violating sections 2.03, 2.07 and 3.43H of the Stonington Zoning Regulations. (The plaintiffs stated in their appeal application to the Zoning Board of Appeals that the aforesaid cease and desist order was received on July 12, 1988. (ROR Item 1.)) On July 19, 1988, the plaintiffs applied to the Zoning Board of Appeals requesting the Zoning Board of Appeals to reverse the action of the Zoning Enforcement Officer. (ROR Item 1, Application No. 88-068.) A public hearing on plaintiffs' application was held on August 9, 1988 and continued to August 23, 1988 (ROR Items 6, 7).
The record reveals that notice of the August 9, 1988 public hearing was published once on August 12, 1988 in The New London Day. (ROR Item 17, publisher's certificate.) The defendant's Return of Record identifies Item 17 as: "Publisher's Certificate, The Day dated September 7, 1988, containing a copy of the Notice of Public Hearing published in The Day on August 12, 1988."
Connecticut General Statutes section 8-7 provides in pertinent part:
 . . .Notice of the time and place of such hearing shall be published in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days, the first not more than fifteen days, nor less than ten days, and the last not less than two days before such hearing. (Emphasis added.)
"Compliance with prescribed notice requirements is a prerequisite to a valid action by a zoning board of appeals CT Page 612 and failure to give proper notice constitutes a jurisdictional defect." Wright v. Zoning Board of Appeals, 174 Conn. 488, 491
(1978). "(A) single publication does not satisfy the statutory mandate." Cocivi v. Planning Zoning Commission, 20 Conn. App. 705,708 (1990). "Without proper public notice, zoning authority actions are null and void." Id. at 707 (citations omitted); see, e.g., Aurora v. Zoning Board of Appeals,153 Conn. 623 (1966) (notice of public hearing that was not published at the proper intervals is held to be fatally defective, depriving the board of jurisdiction to hear the application and rendering its decision invalid.)
It is noted that the plaintiffs have not raised the legal insufficiency of the notice of public hearing at any time during this appeal. Nevertheless, the Zoning Board of Appeals' lack of jurisdiction to hear the plaintiffs' application is a defect that cannot be waived. "Administrative agencies are tribunals of limited jurisdiction and their jurisdiction is dependent entirely upon the validity of the statutes vesting them with power and they cannot confer jurisdiction upon themselves." Castro v. Viera, 207 Conn. 420,428 (1988) (citations omitted). "`(I)t is clear that an administrative body must act strictly within its statutory authority. . .It cannot modify, abridge or otherwise change the statutory provisions, under which it acquires authority unless the statutes expressly grant it that power.'" Id., quoting Waterbury v. CHRO, 160 Conn. 226, 230 (1971). Subject matter jurisdiction of an administrative agency, like subject matter jurisdiction of a court, cannot be created through consent or waiver. See Castro, 207 Conn. at 430.
Based on the record before this Court, the defendant Zoning Board of Appeals' decision denying the plaintiffs' application is therefore declared null and void. The plaintiffs' appeal is hereby dismissed and this matter is remanded to the Stonington Zoning Board of Appeals with directions to reconsider plaintiffs' application No. 88-068 in accordance with the law.
HURLEY, J.