[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Waste Management of Connecticut, Inc. ("Waste"), is the owner of land in New Milford on which it operates a solid waste landfill. Return of Record ("ROR") Item 8, Exhibit 6. This landfill was established by the plaintiff's predecessor in title prior to the 1971 adoption of zoning regulations in New Milford. ROR Item 8, Exhibit 7, Para. 7. Subsequent to the adoption by New Milford of zoning regulations, the landfill became a permitted nonconforming use. ROR Item 8, Exhibit 7, Para. 8. The predecessor in title received a permit to operate from the Connecticut Department of Environmental Protection ("DEP"), which established procedures for daily use of the landfill ROR Item 8, Exhibit 2.
In 1985, the plaintiff applied, pursuant to General Statutes Section 22a-208a(d), to the DEP for a "modified permit" to operate. ROR Item 8, Exhibit 2. On December 31, 1986, pursuant to section 22a-209-4(b)(3) of the Regulations of Connecticut State Agencies, the plaintiff published in The New Milford Times notice that it had applied for a modified permit and invited the public to comment thereon, ROR Item 8, Exhibit 5. No comments were received from New Milford town officials or from the defendant Planning Zoning Commission ("the Commission"), ROR Item 8, Exhibit: 7, Para. 14, and, on February 24, 1987, the DEP issued the modified permit, establishing as a maximum height for the plaintiff's landfill one hundred sixty (160) feet. ROR Item 8, Exhibit 6. The plaintiff has subsequently acted in accordance with said permit. ROR Item 8, Exhibit 7, Para. 15. At no time did the Commission, or any other party, appeal the granting of this permit. ROR Item 8 Exhibit 7, Para. 16.
At the time of the issuance of the modified permit, New Milford's zoning regulations contained no height restrictions for a nonconforming use of lands, and none were adopted prior to November 14, 1989. ROR Item 8, Exhibit 7, Para. 17. On October 18, 1988, the defendant Commission held and completed a properly noticed public hearing for consideration of proposed height amendments to Articles X-III and XI-II of the New Milford Zoning Regulations. ROR Items 2, 3. These amendments would limit any landfill or solid waste facility existing as a nonconforming use within New Milford to a maximum height of ninety (90) feet. ROR CT Page 1175 Items 1, 6. From this time until its regular meeting on November 14, 1989, the defendant took no action on the proposed amendments. Furthermore, no reference to any proposed action on the amendments was made in the agenda issued for the November 14, 1989 meeting. ROR Item 4. However, at the November 14, 1989 meeting, the Commission voted to adopt the amendment. ROR Item 5.
The plaintiff contends that the adoption of this amendment more than one year after the close of the public hearing and without publication of an agenda of its intent to vote on such an amendment violated the plaintiff's right to procedural due process. The plaintiff further claims that this amendment is preempted by General Statutes Sections 22a-207 et seq., and by the DEP's modified permit. The third claim made by the plaintiff is that the defendant waived its rights to restrict the height of the landfill when it failed, after receiving notice, to exercise its statutory rights to appeal the DEP's permit. Finally, the plaintiff also claims that the amendment prohibits the continuance of the plaintiff's nonconforming use, consisting an illegal amortization, and that the amendment is a taking through inverse condemnation. The parties have agreed to bifurcate the trial on the latter issues.
AGGRIEVEMENT
This appeal is taken pursuant to General Statutes Section8-8. tender Conn. Gen. Stat. Section 8-8(b), any aggrieved person, as defined in Section 8-8(a)(1), has a right of appeal. General Statutes Section 8-8(b). Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Association v. Planning and Zoning Commission, 219 Conn. 303, 37, 592 A.2d 953 (1991). In the present case, the plaintiff owns property involved in the decision of the Commission, ROR Item 8, Exhibit 7, Para 5, and is thus aggrieved. Bossert Corp v. Norwalk, 157 Conn. 279, 285, 253 A.2d 39 (1969).
TIMELINESS
The appeal to this court shall he commenced by service of process within fifteen days from the date that notice of the decision was published as required by the general statutes. General Statutes Section 8-8(b). In the present matter, the decision of the defendant was published in the Waterbury Repulican on November 22, 1989, and process was served upon Anna Chapin, New Milford town Clerk, and upon George Doring, Acting Chairman of the New Milford Zoning Commission, on December 6, 1989, fourteen days after publication of the decision. Thus, pursuant to General Statutes Section 8-8(b), this court has jurisdiction over this appeal. CT Page 1176
DISCUSSION OF LAW
Local zoning authorities, in enacting or amending their regulations, are acting in a legislative rather than an administrative capacity, Parks v. Planning Zoning Commission,178 Conn. 657, 660, 425 A.2d 100 (1979) and, therefore, have broad discretion as long as they act "in harmony with and in conformity to a comprehensive plan as mandated by General Statutes Section 8-2" Id., 660-61. When acting with the intention of promoting the best interests of the community, and when its actions are in harmony with its regulations and the comprehensive plans a zoning authority's actions cannot be deemed to be arbitrary or illegal. Fenn v. Planning and Zoning Commission, 24 Conn. App. 430, 589 A.2d 3 (1991). A trial court is not at liberty to substitute its judgment for that of a local authority which is acting within its legislative powers. Frito-Lay, Inc. v. Planning and Zoning Commission, 206 Conn. 554,572-73, 538 A.2d 1039 (1988). In such circumstances the Court may grant relief on appeal only where the local authority has acted illegally, arbitrarily, or in abuse of its discretion. Id., 573. The court is simply to determine whether the record reasonably supports the conclusions reached by the agency, Primerica v Planning and Zoning Commission, 211 Conn. 85, 96, 558 A.2d 646
(1989), and the commission's action is to be sustained if any one of the reasons stated is sufficient to support the decision. Id. Where the zoning authority has not provided the reasons for its decision, the court must review the record to determine whether the decision is supported thereby. Morning side Association v. Planning and Zoning Board, 162 Conn. 154, 156, 292 A.2d 893
(1972). Where the zoning authority has stated the reasons for its decision, the court is not at liberty to probe beyond them. Central Bank for Savings v. Planning and Zoning Commission,13 Conn. App. 448 457, 537 A.2d 510 (1988). The court is limited to evidence contained in the record unless the transcript of the proceedings appealed from is incomplete or it appears to the court that additional testimony is necessary for the equitable disposition of the appeal. General Statutes Section 8-8(k); Lathrop v. Planning and Zoning Commission, 164 Conn. 215, 220,319 A.2d 376 (1973).
 II. A.
The plaintiff's first claim is that its due process rights were violated by the adoption of the amendment more than one year after the close of the public hearing without publication of an agenda with the defendant's intention to consider this matter.
Compliance with statutory notice provisions is a prerequisite CT Page 1177 to a valid administrative action, and failure to give notice is a jurisdictional defect rendering the Commission's decision void. Edelson v. Zoning Commission, 2 Conn. App. 595, 599, 481 A.2d 421
(1984). The purpose of notice provisions is to insure that the public is fairly and sufficiently apprised of the proposed action, "making possible intelligent preparation for participation in the hearing." Cocivi v. Planning and Zoning Commission, 20 Conn. App. 705, 708, 570 A.2d 226 (1990). In the present matter, the defendant held a duly-noticed public hearing on October 18, 1988, to consider the height limitation amendment. ROR Items 1, 2, 3. However, the Commission voted to pass the amendment on November 14, 1989, ROR Item 5, without notice of its intention to do so. ROR Item 4.
General Statutes Section 8-7d(a) states, in pertinent part, that the commission's decision "shall be rendered within sixty-five days after completion of [the public] hearing." Id. However, Section 8-7d(d) states that "the provisions of subsection (a) of this section shall not apply to any action initiated by any zoning or planning and zoning commission regarding adoption or change of any zoning regulation or boundary." Id. See also Carr v. Woolwich, 7 Conn. App. 684,697-98, 510 A.2d 1358 (1986). In the present matter, the defendant proposed the complained of amendment, ROR Item 1; Item 3 at p. 25; Plaintiff's Brief at p. 11, and, consequently, section8-7d(d) applies
Additionally, General Statutes Section 1-21(a) states, in pertinent part, that "[u]pon the affirmative vote of two-thirds of the members of a public agency present and voting, any subsequent business not included in such filed agendas may be considered and acted upon at such meetings." In the present matter, the nine members of the defendant commission present at the November 14, 1989 meeting void unanimously to consider the amendment at issue. ROR Item 5 at p. 4.
The plaintiff's contention that it was deprived of its constitutional right to due process, is without merit. Such a claim must be demonstrated beyond a reasonable doubt. Beacon Falls v. Posick 212 Conn. 570, 585, 563 A.2d 285 (1989). Furthermore, due process of law "requires that the parties involved have an opportunity to know the facts on which the commission is asked to act, to cross examine witnesses and to offer rebuttal evidence." Pizzola v. Planning and Zoning Commission, 167 Conn. 202, 207, 355 A.2d 21 (1974). Thus, due process requires that the proceedings of the commission not be "conducted as to violate the fundamental rules of natural justice. Id. In the present matter, a public hearing was held, thereby affording the plaintiff an opportunity both to know the facts on which the commission [will] act, and to be heard. ROR CT Page 1178 Items 2, 3. The plaintiff contends that had the defendant waited twenty-five (25) years from the public hearing before adopting the amendment, it is highly unlikely that anyone would believe that the amendment was still under consideration. Plaintiff's Reply Brief, p. 3. While such a hypothetical situation may result in violation of the plaintiff's right to due process, the facts of this matter are entirely different. The lapse of one year from the public hearing, has not violated the plaintiff's due process rights.
 B.
The plaintiff next argues that the adopted amendment is preempted by Connecticut's Solid Waste Management statutes and by the plaintiff's modified permit: to operate A local ordinance:
 `[I]s preempted by a state statute whenever the legislature has demonstrated an intent to occupy the entire field of regulation on the matter. . .or. . .whenever the local ordinance irreconcilably conflicts with the statute. . . Whether an ordinance conflicts with a statute or statutes can only be determined by reviewing the policy and purposes behind the statute and measuring the degree to which the ordinance frustrates the achievement of the state's objections. . .' (Citation omitted)
Helicopter Associates, Inc. v. Stamford, 201 Conn. 700, 705,519 A.2d 49 (1986) quoting Shelton v. Commissioner, 193 Conn. 506,517, 479 A.2d 208 (1984).
In Posick, supra, the court was confronted with the question of whether the Solid Waste Management Act (General Statutes Sections 22a-207 to 22a-221) preempted the plaintiff town's anti-dumping ordinance and zoning regulations. The court conclude that "[l]ocal zoning regulations governing solid waste disposal are preempted only to the extent that they conflict with a DEP permit issued to the [Connecticut Resources Recovery Authority] (`CRRA')." Posick, supra, 212 Conn. at 581 (emphasis added) This language is clear and binding upon this court and, consequently, because the plaintiff here is not the CRRA, New Milford's zoning amendment is not preempted by the state statute.
It is axiomatic that to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions which created the right. Simko v. Zoning Board of Appeals, 206 Conn. 374, 377,538 A.2d 202 (1988). Indeed, "when a party has a statutory right CT Page 1179 of appeal from the decision of an administrative. . .agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test." Cummings v. Tripp, 204 Conn. 67, 78, 527 A.2d 230 (1987)
The plaintiff contends that the defendant's enactment of the amendment in question constitutes an appeal, and that a proper appeal should have been taken pursuant to General Statutes Sections 212a-225(f) and 4-183. Since no such appeal was taken, the plaintiff claims that the "Commission waived its right to challenge the authority of the DEP to grant the modified permit and the right of waste Management to modify the landfill in accordance with the terms of such permit." Plaintiff's Brief, p. 18.
In its legal sense, the term "action" usually refers to "a suit brought in a court; a formal complaint within the jurisdiction of a court of law." Black's Law Dictionary 26 (5th Ed. 1979). In the present matter, the modified permit was issued approximately one year and eight months prior to the public hearing held on the proposed amendment. ROR Item 8, Exhibit 6; ROR Item 2. Furthermore, the defendant did not vote to adopt the amendment until more than two years and eight months after the issuance of the permit. ROR Item 5. Thus, the facts of this case indicate that the defendant's enactment of the amendments does not constitute an independent action, and thus a failure to exhaust administrative remedies pursuant to Cummings, supra.
Furthermore, the court can disturb the action of the commission only if the defendant acted illegally/arbitrarily, or in abuse of its discretion. Frito-Lay Inc v. Planning and Zoning Commission, supra at 573. Where a Zoning commission has taken legislative action with the intention of promoting the best interests of the community and its actions are in harmony with its regulations and the comprehensive plans, its actions cannot be deemed to be arbitrary or illegal. Fenn, supra. The transcript of the public hearing and the minutes of the Commission's meeting indicate that the amendment is consistent with the land use plans of the town of New Milford. See, e.g., ROR item :3 Transcript of the October 18, 1988 public hearing) at p. 5 (where a September 2, 1988 letter from Thomas Leahy, Jr. Chairman of the New Milford Planning Commission was read into the record) Testimony and letters from town residents and town officials further indicate that the amendment was adopted with the best interests of the town in mind. See, e.g, ROR Item 2 (Minutes of the October 18, 1988 public hearing) at pp. 1, 2; Item 3, supra, pp. 13, 27, 30 31., 32, 37; Item 5 (Minutes of the November 14, 1989, meeting of the Commission) at p. 4. Furthermore, as was discussed in Section B, supra, the defendant is not precluded by the DEP permit from enacting regulations. CT Page 1180
 D.
The plaintiff next asserts that the adopted amendments constitute the illegal amortization of a nonconforming use.
In Massimo v. Planning Commission 41 Conn. Sup. 196 203,564 A.2d 1075 (1989, Flynn, J.), the court stated that a town
 is not prevented from regulating the operation of a nonconforming use under its police powers. Uses which have been established as nonconforming uses are not exempt from all regulation by virtue of that status. It is only when a ordinance or regulatory act abrogates such right in an unreasonable manner, or in a manner not related to the public interest, that it is invalid.
Id.
General Statutes Section 8-2 states, in pertinent part, that zoning commission regulations "shall not prohibit the continuance of any non-conforming use, building or structure existing at the time of the adoption of such regulations" Id. A nonconforming use is a "use or structure prohibited by the zoning regulations but. . .permitted because of its existence at the time that the regulations are adopted." Adolphson v. Zoning Board of Appeals,205 Conn. 703, 710, 535 A.2d 799 (1988). Nonconforming uses should not be allowed to increase, but should instead be abolished or reduced to conformity as soon as possible. Id. Helbig v. Zoning Commission, 185 Conn. 234, 306, 440 A.2d 940
(1981); Cumming, supra, at 84 (discussing purpose of General Statutes Section 8-2 to prevent the expansion of nonconforming uses and to abolish or reduce such uses to conformity as soon as possible). The rule of non-conforming uses protects the right of a user to continue the same use of his or her property as existed prior to the adoption of zoning regulations. Helbig, supra, 306; Cioffoletti v. Planning and Zoning Commission, 2 Conn. App. 5, 8,584 A.2d 1200 (1991) General Statutes Section 8-21 in no way authorizes the expansion of nonconforming uses or prohibits a local zoning authority from regulation or prohibiting expansion of such uses. Massimo, supra. A change in the character of a use constitutes an unlawful extension of a prior use. Zachs v. Zoning Board of Appeal, 218 Conn. 324, 331, 589 A.2d 351 (1991). However, a mere increase in the amount of business does not amount to an illegal expansion. Cummings, supra, 204 Conn. at 96.
A town is permitted to regulate the operation of a CT Page 1181 nonconforming use pursuant to its police powers. Massimo, supra. Indeed, "[u]ses which have been established as nonconforming uses are not exempt from all regulations merely by virtue of that status. It is only when an ordinance or regulatory act abrogates such a right: in an unreasonable manner, or in a manner not related to the public interest, that it is invalid." Id., citing Petruzzi v. Zoning Board of Appeals, 176 Conn. 479, 483-84,408 A.2d 243 (1979).
As was discussed in Section C, supra, the defendant Commission acted in accordance with New Milford's land use laws, as well as with the town's best interests in mind. Consequently, the adopted amendment does not constitute the illegal amortization of a nonconforming use.
Given the court's findings, a hearing will be scheduled on the plaintiff's taking claim.
SUSCO, J.