[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Concerned Homeowners of Greenwich (CHG) and various individual Greenwich homeowners,[1] appeal the adoption of an amendment to the Greenwich building zone regulations by the defendant, the Greenwich Planning and Zoning Commission (the PZC). Count one is an administrative appeal brought pursuant to General Statutes §§ 8-8 and8-10 and count two is a petition for a declaratory judgment seeking a CT Page 5473 determination that the amendment is unconstitutional.
The record reveals the following facts: The PZC proposed an amendment to regulations § 6-205[2] which would alter the floor area ratios[3] (FAR) in zones RA-1, R-20, R-12, R-7, and R-6, and it would create new FARs for zones RA-4 and RA-2 (the amendment). On October 9, 1998 the PZC published notice in the Greenwich Time of a public hearing wherein they would "consider and take action on" amending § 6-205 (the public hearing). This notice described the date of the public hearing as October 20, 1998 and the location thereof as the Greenwich Town Hall, 101 Field Point Road, Greenwich, Connecticut. This notice was republished a second time in the Greenwich Time on October 16, 1998. On that same date, directly beneath this republished notice, was a third notice of the public hearing that was entitled "Change of location of meeting." This third notice advised that the public hearing would be held in the auditorium of Western Middle School at 1 Western Junior Highway. The public hearing on October 20, 1998 was in fact held in the auditorium of Western Middle School at 1 Western Junior Highway in Greenwich, and was continued for further hearing to November 10, 1998, notice of which was published in the Greenwich Time on October 30, 1998 and November 6, 1998.
The PZC adopted the amendment of § 6-205 at a regular meeting on November 17, 1998. Notice of the PZC's adoption of the amendment having been published in the Greenwich Time on December 1, 1998, the plaintiffs now appeal that decision to this court.
General Statutes § 8-8 governs an appeal from a planning and zoning commission to the Superior Court. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." Bridgeport Bowl-O-Rama, Inc. v. ZoningBoard of Appeals, 195 Conn. 276, 283, 487 A.2d 559, on remand4 Conn. App. 68, 491 A.2d 436 (1985), quoting Farricielli v. PersonnelAppeal Board, 186 Conn. 198, 201, 440 A.2d 286 (1982).
As to count one, the administrative appeal, the plaintiffs must plead and prove that they are aggrieved by the amendment in order to have standing. "[P]leading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal. . . . It is [therefore] fundamental that, in order to have standing to bring an administrative appeal, a person must be aggrieved." (Brackets in original; citations omitted; internal quotation marks omitted.) Harris v. Zoning Commission, 259 Conn. 402, 409, 788 A.2d 1239
(2002). The burden of proving aggrievement rests with the plaintiff.Quarry Knoll II Corp. v. Planning Zoning Commission, 256 Conn. 674,701, 780 A.2d 1 (2001). "Aggrievement falls within two broad categories, CT Page 5474 classical and statutory." Cole v. Planning Zoning Commission,30 Conn. App. 511, 514, 620 A.2d 1324 (1993), aff'd on remand,40 Conn. App. 501, 671 A.2d 844 (1996); Zoning Board v. Planning ZoningCommission, 27 Conn. App. 297, 300, 605 A.2d 885 (1992).
In this case, the various Greenwich homeowners plead that they are statutorily and classically aggrieved by the PZC's amendments.[4] The CHG pleads that it is classically aggrieved.
"The fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all the members of the community as a whole. Second, the party claiming aggrievement must successfully establish that the specific personal and legal interest has been specially and injuriously affected by the decision." (Brackets in original; internal quotation marks omitted.)Harris v. Zoning Commission, supra, 259 Conn. 410 (2002).
On the other hand, "[s]tatutory aggrievement exists by legislative fiat, not by judicial analysis of the particular facts of the case. In other words, in cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation." Lewis v. Planning Zoning Commission,62 Conn. App. 284, 288, 771 A.2d 167 (2001), citing, Cole v. Planning Zoning Commission, supra, 30 Conn. App. 514-15. "In the case of a decision by a . . . planning and zoning commission . . . `aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes § 8-8 (a) (1).
With regard to the various Greenwich homeowners' claims of aggrievement, homeowners Peter Lauridsen, Priscilla Lauridsen, and Alan Small testified that he or she owned certain property within a zone affected by the amendment, and also testified as to the authenticity of the deed to each such property. The testimony of the testifying homeowners was uncontradicted.
The court concludes that the testifying Greenwich homeowners have proven that they have satisfied the first prong of classical aggrievement because they have successfully demonstrated a specific personal and legal interest in the subject matter of the amendment since their pleadings, uncontradicted testimony, and deeds prove that they are owners of land within a zone affected by a zoning change. See Harris v. ZoningCommission, supra, 259 Conn. 414 (2002) (trial court could reasonably CT Page 5475 have concluded that plaintiffs have specific personal and legal interest in given amendment because amendment affects land that they own); see also Wilson v. Zoning Commission, Superior Court, judicial district of New London at New London, Docket No. 552212 (July 23, 2001, McLachlan, J.) ("[a]lthough the plaintiff did not submit copies of the deeds, the uncontradicted testimony of the plaintiff is sufficient to prove ownership for the purpose of establishing aggrievement in a zoning appeal.") As to the second prong of the classical aggrievement analysis, the testifying Greenwich homeowners testified that they are injured by the amendment because the amendment decreases the value of their properties. The court finds that the testifying Greenwich homeowners have pleaded and proven that they have a specific interest that has been injured by the PZC's adoption of the amendment. Thus, they have satisfied both prongs of classical aggrievement and therefore are aggrieved and have standing as to count one.
Because the testifying Greenwich homeowners have pleaded and proven the two prongs of classical aggrievement, it is unnecessary to decide whether they were also statutorily aggrieved. See Harris v. Zoning Commission,259 Conn. 415 n. 15 (2002) ("Because the plaintiffs established that they were classically aggrieved by the commission's decision, and, therefore, that they had standing to appeal from that decision, we need not decide the propriety of the trial court's determination that the plaintiffs also were statutorily aggrieved.").
The non-testifying Greenwich homeowners[5] provided no proof by testimony or otherwise that they are classically aggrieved by the actions of the PZC, nor is there any evidence that they are statutorily aggrieved by virtue of owning land that abuts or is within a radius of 100 feet of any portion of the land involved in the decision of the Commission or affected by the amendment.[6] C.G.S. § 8-8 (a) (1).
In determining whether the CHG, as an association, is aggrieved, the court engages in a three-pronged associational aggrievement test. "[A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." (Internal quotation marks omitted.) Connecticut Associated Builders Contractors v. Hartford, 251 Conn. 169, 185, 740 A.2d 813 (1999).
As to the first prong, an association must put forth evidence that at least one of its members would have standing to sue in his or her own right. See Alliance to Preserve Somers Center, Inc. v. ZoningCommission, Superior Court, judicial district of Tolland at Rockville, CT Page 5476 Docket No. 074573 (July 24, 2001, Sullivan, J.) (association failed to prove aggrievement because it did not present evidence that any member of association has standing to sue in own right); Laurel Hill Associationv. Connecticut Freedom of Information Commission, Superior Court, judicial district of Danbury, Docket No. 320464 (July 23, 1996,Riefberg, J.) (same). In the present appeal, no plaintiffs testified that they were members of the CHG, and the CHG did not provide any evidence that any member of the CHG had standing to sue in their own right. The CHG has failed to prove the first prong of associational standing and therefore has no standing to maintain this administrative appeal. SeeConnecticut Associated Builders. Contractors v. Hartford, supra,251 Conn. 185 (because association failed to meet first prong of the associational aggrievement test, the court was not required to analyze whether the remaining prongs were met.)
In summary, only Peter Lauridsen, Priscilla Lauridsen, and Alan Small, (collectively, the plaintiffs) have pleaded and proven aggrievement and they are the only plaintiffs that have standing with regard to count one.
The plaintiffs argue that the notice of the public hearing on October 20, 1998 was defective and deprived the PZC of jurisdiction to amend the regulations. They maintain that the notice failed to accurately identify the place of the hearing as required by General Statutes § 8-3 (a). For support, the plaintiffs rely on Cocivi v. Plan Zoning Commission,20 Conn. App. 705, 707, 570 A.2d 226, cert. denied, 214 Conn. 808,573 A.2d 319 (1990). For the following reasons, the court agrees that the PZC's notice was defective and, consequently the PZC did not have jurisdiction to amend the regulations.
"Notice of the time and place of such [public] hearing shall be published in the form of a legal advertisement appearing in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days, the first not more than fifteen days nor less than ten days, and the last not less than two days, before such hearing. . . ." General Statutes § 8-3 (a). "Compliance with prescribed notice requirements is a prerequisite to a valid action by a zoning board of appeals and failure to give proper notice constitutes a jurisdictional defect." Wright v. Zoning Board of Appeals, 174 Conn. 488,491, 391 A.2d 146 (1978). "Without proper public notice, zoning authority actions are null and void." Cocivi v. Plan Zoning Commission, supra,20 Conn. App. 707.
In Cocivi v. Planning and Zoning Commission, supra, 20 Conn. App. 705, the heading of the notice published by the commission correctly identified the public hearing date. The text of this first notice CT Page 5477 published by the commission correctly identified the public hearing date. The text of this first notice, however, contained a date that had already passed. A second notice of this public hearing was published but it contained no such error in the text. The Cocivi court found that "[c]ompliance with the notice procedures requiring that the time of a scheduled public hearing be published at least twice, is a prerequisite to valid zoning authority actions." (Emphasis omitted.) Id., 707. "[T]his notice invited speculation. The commission, moreover, took no corrective action but merely ignored the mistake. . . . Nor was the defect cured by the second, correct notice . . . because a single publication does not satisfy the statutory mandate [under § 8-3 (a)]." Id., 708. TheCocivi court, therefore, concluded that the "notice was insufficient to confer jurisdiction upon the commission to act. . . ." Id., 709.
The court finds that the statutory mandate as outlined by the Cocivi court requires the time of the hearing to be published twice as well as the location thereof. See General Statutes § 8-3 (a). In the present appeal, the location of the October 20, 1998 hearing was published only once in the notice entitled "Change of location of meeting." For this reason, the court finds that the PZC failed to publish proper notice according to § 8-3 (a) and that such a failure constitutes a jurisdictional defect. See Wright v. Zoning Board of Appeals, supra,174 Conn. 491.
Accordingly, the amendment of the regulations by the PZC is null and void and the plaintiffs' administrative appeal is sustained. As a result, it is unnecessary for the court to address the plaintiffs' second count petitioning for a declaratory judgment that the amendment is unconstitutional.
So Ordered.
D'ANDREA, J.T.R.