[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiffs Allison M. Laudatti, John L. Laudatti, Erin McGurk, Linda Knorr, and The Manitook Lake Association appeal the decision of the defendant Planning and Zoning Commission of the town of Granby granting a zone change in the town on the application of defendant Douglas A. Max. The defendant Commission acted pursuant to Conn. Gen. Stats. Sec. 8-3. The plaintiffs appeal pursuant to Conn. Gen. Stats. Sec. 8-8. The court finds the issues in favor of the plaintiffs.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. On March 29, 2001, defendant Douglas A. Max filed an application with the defendant Commission requesting the Commission to change the zone classification of his property at 516A Salmon Brook Street in Granby from Residential 30 to Industrial. Max included with his application a map, which is Exhibit K in the record. The map shows Max's property delineated in bold marking and inside the boundaries of that property are the handwritten words "currently R-30 (space) Proposed I." The Max lot consists of 1.38 acres and is part of an area of more than 10 acres, all zoned R-30.
The map shows that the large R-30 zone, of which the Max property is a part, is bordered on the west by property owned by State Line Oil Company, zoned Industrial, and on the north by property owned by Tilcon Materials, Inc., also zoned Industrial. The Max property abuts the Industrial zone on the north, but it does not abut the State Line Oil property to the west. Rather, two R-30 lots, one owned by defendants Michael, David and Edward Guarco, is directly to the west of the Max lot and the other, an L-shaped strip owned by Tilcon, lies between the Guarco lot and the State Line Oil industrial lot and abuts the Guarco and Max lots on the south. A copy of this map is attached hereto as Appendix A.1* It shows that if Max's property were re-zoned Industrial, it would be a single lot zoned Industrial protruding like a peninsula into a Residential sea. CT Page 2578-dc
Pursuant to Conn. Gen. Stats. Sec. 8-3 (a), the Commission published notice of a public hearing on defendant Max's application to be held April 24, 2001. The newspaper notice read as follows:
Application for a zone change from R-30 to I, for property located to the rear of State Line Oil, along a ROW known as Manitook Road and in the area of 516 Salmon Brook Street. File Z-7-01.
. . . Copies of the proposal are on file in the office of the Granby Town Clerk and Building Official, Granby Town Hall.
On April 10, 2001, the chairperson of the Granby Development Commission, Robert Daglio, wrote to the chairperson of the defendant Commission citing the need for an increase in Industrial zoned areas in the town and "ask(ing) that you also consider changing from R-30 to I, all of the property to the west of the site extending to the boundary of State Line Oil," which would be the Guarco and Tilcon lots to the west of the Max property.
On April 13, 2001, the town's Director of Community Development, Francis G. Armentano, wrote to the defendant Commission recommending that the Commission change "not only the specific parcel as requested by the applicant (Max), but include in the change all of the property to the west of the site extending to the boundary of 514 Salmon Brook Street"; that is, change the Guarco and Tilcon residential lots to Industrial, as was requested by the Development Commission in its letter.
The defendant Planning and Zoning Commission proceeded to convene the public hearing on April 24 in accordance with its published notice, the text of which remained as set forth above. Defendant Max appeared at the hearing, as did Director of Community Development Armentano. Max and Armentano spoke in favor of changing the zone of the entire area occupied by the Max, Guarco and Tilcon lots from R-30 to Industrial. In addition to their testimony, the Commission also had the Armentano and Daglio letters expressing the wishes of the Development Commission to make the change. There was no opposition. Indeed, there was no public comment and it is not clear whether any members of the public were present.
Following the public hearing, the defendant Commission met and voted to approve the change in zone from R-30 to I for the Max, Guarco and Tilcon properties. It is that decision which is the subject of this appeal.
The parties have stipulated that the plaintiffs own property abutting or within one hundred feet of the properties that are the subject of the CT Page 2578-dd Commission's decision. Accordingly, the court finds that they are statutorily aggrieved. Conn. Gen. Stats. Sec. 8-8.
The plaintiffs raise six arguments in support of their appeal: 1) that the Commission lacked jurisdiction to change the zoning on the Guarco and Tilcon lots because those defendants had not applied for such change and because of lack of published notice relating to such change; 2) that the Commission lacked jurisdiction to change the zone on the Max lot because the application did not conform to Section 10.2.5.2 of the zoning regulations and did not conform to the requirements of the application form; 3) that the Commission did not consider the change in zone of the Max lot except in conjunction with the changes in the zone of the Guarco and Tilcon lots; 4) that the Commission abused its discretion in approving the zone changes; 5) that the Commission acted on insufficient facts in the record; and 6) that if the Max property alone were re-zoned, it would constitute illegal spot zoning. The court agrees with the plaintiffs that the Commission lacked jurisdiction to make the changes because its published notice was materially defective.
With respect to the Commission's power to change the boundaries of the various zones in the town, Conn. Gen. Stats. Sec. 8-3 (a) provides, in relevant part, as follows:
No such regulation or boundary shall become effective or be established or changed until after a public hearing in relation thereto . . . at which parties in interest and citizens shall have an opportunity to be heard. Notice of the time and place of such hearing shall be published in the form of a legal advertisement appearing in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days, the first not more than fifteen days nor less than ten days, and the last not less than two days, before such hearing, and a copy of such proposed regulation or boundary shall be filed in the office of the town . . . clerk
A failure to provide adequate public notice as required by the statute deprives the Commission of subject matter jurisdiction over the zoning change. Lauer v. Zoning Commission, 220 Conn. 455, 460-61 (1991); Bomberov. Planning and Zoning Commission, 17 Conn. App. 150; Urbanowicz v.Planning Zoning Commission, Superior Court, judicial district of Hartford, Docket No. CV98 0492255 (Nov. 21, 2000, Cohn, J.) (29 Conn.L.Rptr. 71).
The purpose of the notice is to present the subject for the consideration of the public at large, not merely for the individuals involved. "A notice is proper only if it fairly and sufficiently apprises CT Page 2578-de the public of the action proposed, making possible intelligent preparation for participation in the hearing." Cocivi v. Plan and ZoningCommission, 20 Conn. App. 705, 708 (1990). "Strict compliance with statutory mandates regarding notice to the public is necessary because `[i]n the absence of newspaper publication, unknown individuals with an interest in zoning matters would have no way of learning what zoning decisions were being contemplated.'" Urbanowicz v. P Z, supra, citingLauer v. Zoning Commission, supra, 462. This rule would seem to have special force where the subject of the hearing, as in this case, is a change in zone, which arguably has an impact on the town as a whole.
In the present case, as noted, the published notice referred to "property located to the rear of State Line Oil, along a ROW known as Manitook Road and in the area of 516 Salmon Brook Street." Although this description lacks some needed detail, the notice then cites a specific file number and directs the reader to "copies of the proposal" on file at the town clerk's office. The file number and the "proposal," of course, refer to defendant Max's application, which delineates only his lot as the proposed subject of the re-zoning. There is no direct reference to the Guarco and Tilcon lots, and the defendants' argument that the description of the property in the notice could conceivably be read to include those lots overlooks the inescapable reference to the Max proposal, which pertains solely to his property. No interested member of the public, reading this notice and then following up with a visit to the town clerk's office to examine Max's application as directed, would be fairly apprised of the action proposed to be taken. Rather, the public would be totally misled into believing that only the Max property would be considered at the hearing.
The inadequacy of the notice as to the scope of the hearing is underscored by the fact that the Commission knew well before the hearing on April 24, 2001 that town officials had proposed in writing that Max's re-zoning proposal be expanded to take in two more lots and to be more than double in size. It would have been a simple matter to reschedule the hearing and publish a new notice stating exactly what would be considered at the hearing. Indeed, this subject was raised at the hearing and dismissed as inconsequential.
Although the court's determination that the defect in the notice was fatal to the Commission's jurisdiction, it is appropriate to comment on some of the plaintiffs' other contentions. The court agrees with the plaintiffs that defendant Max's application failed to comply with Section 10.2.5.2 of the zoning regulations. That section requires that an application be accompanied by a detailed plan showing the location of buildings, streets, driveways and other facilities on the subject CT Page 2578-df property and adjoining properties within 500 feet. The map that defendant Max filed with his application is lacking in any such detail. As the plaintiffs point out, the Commission considered contradictory and inaccurate statements at the hearing concerning those precise details, errors that would have been avoided if Max's map had complied with the regulation.
The court also agrees with the plaintiffs that the Commission's findings and the evidence that it considered fell far short of the requirements of the statute and the town's regulations, all of which is set forth in the plaintiffs' brief to the court on this appeal.
In summary, the court concludes that the Commission lacked jurisdiction to hear the application for a change in zone because its published notice was inadequate. Its action was, therefore, void. The plaintiffs' appeal is sustained.
Maloney. J.T.R.